UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| WESS DEASE, | ) | 3:13-cv-00424-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 22, 2015 |
| | ) | |
| MICHAEL KOEHN, *et* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     Katie Lynn Ogden      REPORTER:                FTR

COUNSEL FOR PLAINTIFF:   Wess Dease, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Peter Keegan, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:57 p.m.  Court convenes.

The court convenes to address Plaintiff's "Motion to Extend Prison Copywork Limit" (Doc. # 21) and Plaintiff's "Motion for an Examination" (Doc. # 22).

After having discussions as to the two motions, the court finds the following:

**I.    "Motion to Extend Prison Copywork Limit" (Doc. # 21)**

Plaintiff's "Motion to Extend Prison Copywork Limit" is **GRANTED**. Plaintiff shall receive a $20.00 limit copywork extension. Plaintiff is advised the court will not favorably receive any further requests for copywork extensions, unless Mr. Dease makes considerable efforts to seek employment with the Nevada Department of Corrections ("NDOC").

The court briefly discusses the logistical issues relating to the allocation of funds when extensions of copywork limits are granted by the court.  It is the court's understanding when copywork extensions are granted, the dollar amount should only apply to copywork relating to the case in which the extension is granted.  However, NDOC does not have the capability to designate copywork extensions exclusively to a specific case when depositing funds into an inmate's account.

1

Minutes of Proceedings
3:13-CV-00424-MMD-WGC
January 22, 2015

The court suggests Deputy Attorney General Keegan speak with his supervisor concerning the logistical concerns relating to the allocation of copywork extensions as to specific designated cases and possibly address the concerns with the NDOC for alternative solutions.

## II.     "Motion for Examination" (Doc. # 22)

Plaintiff's "Motion for Examination" (Doc. # 22) is **DENIED**.  The court finds Plaintiff's request for an examination lacks any merit in which the court can order Plaintiff be transported to Las Vegas, Nevada to be seen by physicians at Southern Nevada Memorial Hospital.

## III.    Objections to the Magistrate Judge's Orders

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

2:12 p.m.  Court adjourns.

**IT IS SO ORDERED.**

                                                            LANCE S. WILSON, CLERK

                                                            By:             /s/            
                                                                Katie Lynn Ogden, Deputy Clerk