UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WESS DEASE, | ) | 3:13-cv-00424-MMD-WGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | **re: Docs. # 48 and # 53** |
| MICHAEL KOEHN, et al., | ) | |
| Defendants. | ) | |

Before the court is "Defendants' Notice of Compliance with Minute Order (#47) and Description of Issues for May 20, 2015 Hearing." (Doc. # 48.[1]) Also before the court is Plaintiff's Opposition to Defendants' Notice of Compliance. (Doc. # 53.)

Although the court had intended on addressing the remaining issues relating to the parties' discovery dispute at a hearing scheduled for May 20, 2015 (Doc. # 47), officials at Ely State Prison where Plaintiff is confined were unable to make Mr. Dease available. (Doc. # 49.) The court rescheduled the discovery hearing for June 17, 2015. (*Id*.) However, subsequent to the scheduling of the new hearing date, Plaintiff has been provided with Defendants' supplemental discovery responses, copies of which were submitted by Defendants under the Notice of Compliance (Doc. # 48) referred to above. Plaintiff's Opposition to the Notice of Compliance (Doc. # 53) identifies the discovery issues which he contends remain in dispute. Based on these filings, the court will proceed to resolve the lingering areas of disagreement on certain of Defendants' discovery responses. The court will address them in the order presented in Plaintiff's Opposition.

---

[1] Refers to court's docket number.

#1. Copies of Selected Medical Records[2]

Plaintiff was afforded an opportunity to review his medical records. (Doc. # 48 at 2; Doc. # 53 at 1.) After being allotted approximately two hours to review his records, Plaintiff requests the court to provide him with selected excerpts of his medical records. Plaintiff's request is **DENIED.**

First, the court has no separate account to pay for duplication of records. Second, the Nevada Department of Corrections (NDOC) requires an inmate to pay for records, regardless of whether the inmate is involved in litigation. NDOC Administrative Regulation (AR) 569; AR 639.02(7). Third, even if Plaintiff could pay for copying his records, he would not be allowed to possess those records. AR 639.02(8).[3]  Plaintiff's request to be provided copies of his medical records is **DENIED.**

#4. Calorie Calculation and/or Boni Letter

In this paragraph Plaintiff appears to first seek the Defendants to "calculate the calories" in his diet. (Doc. (53 at 2.) Defendants on the other hand state Plaintiff is seeking the "gross weight" of his diet, referencing a letter from Plaintiff to Defendants' counsel. (Doc. # 48-2, Exhibit B.) However, the Plaintiff's letter seems to refer to both weight and calories. Nevertheless, Defendants provided Plaintiff other nutritional and dietary information which was available in Defendants' Second Supplemental Response to Plaintiff's Request for Production. (Doc. # 48-3.)

Discovery and discovery responses cannot require perfection. Fed. R. Civ. P. 26(g) only requires a party to make a "reasonable inquiry" when making discovery responses. Defendants have done that sufficiently with respect to the caloric or nutritional content of inmate meals.

The second complaint which Plaintiff appears to be asserting under paragraph 4 is whether Defendants have responded by providing a "same old form letter" from Ms. Boni. Presumably Plaintiff is referring to Defendants' Exhibit A, Doc. # 48-1 at 36 (NDOC 0736). This exhibit is a letter from Mary Agnes Boni, MPH, RDN, LD., 3/30/15, to NDOC Chief of Purchasing Dawn Rosenberg. The letter certifies that the NDOC menu meets the minimum requirements for the Recommended Daily

---

[2] The numbers utilized herein are not sequential but as indicated above, follow the labeling utilized by Plaintiff in Doc. # 53.

[3] The court notes that the Defendants have explained to Plaintiff the procedure to be utilized to identify records Plaintiff may deem to be relevant to any exhibits the inmate may be filing. (Doc. # 48 at 2.)

1  Allowances and Dietary Reference Intakes.

2  The court cannot discern the basis of Plaintiff's contention the letter is "biased and
3  unprofessional" and Plaintiff wants the letter "stricken from the record." (Doc. # 53 at 2.) The letter is
4  not part of "the record" and was instead produced as a discovery response. If Defendants seek to use the
5  letter with a dispositive motion, or trial, Plaintiff can raise his objections at that time. But the court will
6  not strike it as a discovery production.

7  The court finds Defendants' responses to this area of inquiry to be sufficient.

8  <u># 3, 5 and 6.</u>

9  The objections addressed in # 3, 5, and 6 seemingly pertain to two subjects. One is the production
10 of a
11 
12 
> "height and weight chart that Ned Schuering used to determine my [Plaintiff's] height and weight. This chart listed me as follows: 6' 3" 168 lbs normal. Now, Mr. Keegan has stated this chart does not exist, but I [Plaintiff] know that it does exist first hand."

13 Plaintiff states he needs this chart to prove Defendants "did not consider the amount of bone, muscle and
14 fat in my body's composition." (Doc. # 53 at 3.)

15 Defendants have represented that:

16 
17 
18 
> Defendants again explained to Plaintiff that Defendant Schuering was contacted and that the Height and Weight Chart originally provided by the Defendants in their Response to Plaintiff's Request for Production of Documents [Set 1], was the only chart Defendant Schuering was aware of. (Ex. E, NDOC 0685-0685).

19 (Doc. # 48 at 3.)

20 The Defendants have apparently produced the only height and weight chart which is available.
21 The court cannot order Defendants to produce a document which seemingly does not exist. Plaintiff's
22 objection to this component of # 3, 5 and 6 is **OVERRULED.**

23 The second subject of his aspect of Plaintiff's objection was to make inquiry into the status of
24 his Motion for Preliminary Injunction. (Doc. # 25.) This court entered a Report and Recommendation
25 the day before Plaintiff's opposition to Defendants' notice of compliance was submitted. The Report
26 and Recommendation recommended to District Judge Miranda M. Du that Plaintiffs motion (Doc. # 25)
27 be denied. (Doc. # 50.)

28 ///

1  In view of the resolution of the remaining aspects of the discovery dispute, the status conference
2 scheduled for Wednesday, June 17, 2015, at 10:00 a.m., is hereby **VACATED.**
3 **IT IS SO ORDERED.**
4 DATED: June 11, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE