UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESS DEASE,<br><br>　　　　　　Plaintiff,<br>　v.<br>MICHAEL KOEHN, et al.,<br><br>　　　　　　Defendants. | Case No. 3:13-cv-00424-MMD-WGC<br><br>ORDER |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 50) ("R&R") relating to Plaintiff's Motion for Preliminary Injunction ("Motion"). (Dkt. no. 25.) The Magistrate Judge recommended that Plaintiff's Motion be denied. Plaintiff has filed an objection. (Dkt no. 57.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and

recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Plaintiff is being held at Ely State Prison. He alleges that because of a medical condition he is taking steroids, which in turn is increasing his metabolism. He further alleges that he is losing weight because defendants will not authorize him to eat supplemental meals. After screening, the Court ultimately permitted Plaintiff to proceed on the three claims asserted in his Amended Complaint: Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs; equal protection claim based on allegations that the named defendants denied Plaintiff's repeated requests for supplemental food portions while they granted other inmates' requests; and supervisory liability against defendants Jones, Garner and Schardin.[1] (Dkt. no. 11.)

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren,* 553 U.S. 674, 689–90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1023 (9th Cir.2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction ... is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted); *Am.*

---

[1] As the R&R correctly noted, Plaintiff omitted the retaliation claim that was asserted as count II of his original complaint and eliminated Dr. Bannister as a defendant but added defendants Garner and Schardin . (Dkt. no. 50 at 3.)

*Trucking Ass'ns, Inc. v. City of L.A.,* 559 F.3d 1046, 1052 (9th Cir.2009); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir.2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter,* 555 U.S. at 24 (citation omitted).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir.2000). "Section 3626(a) ... operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

The Magistrate Judge found that Plaintiff has failed to demonstrate likelihood of success on the merits of his claims as well as the likelihood that he will suffer irreparable harm. In his Motion, Plaintiff contends that as a result of the cortisol steroids that he is required to take for his medical condition, he has lost forty pounds in four months. (Dkt. no. 25 at 7.) Plaintiff asks the Court to order Defendants to provide him with double portions of food to counter the chemical imbalance caused by the medication and take him to see a specialist. (*Id.* at 9.) The Magistrate Judge pointed out that the evidence shows Plaintiff weighed 210 pounds when he came to prison and the last recorded weight in his medical chart from May 9, 2014 shows that he weighed 202.8 pounds. (Dkt. no. 50 at 7-10.)

In his objection, Plaintiff argues that he should be given the opportunity to provide evidence to support his claims. (Dkt. no. 57.) However, Plaintiff bears the burden of showing entitlement to the "extraordinary and drastic remedy" of preliminary injunctive relief. *Munaf*, 553 U.S. at 689-90. Having conducted a *de novo* review, the Court agrees with the Magistrate Judge that Plaintiff has not satisfied this burden.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 50) is accepted and adopted in its entirety. Plaintiff's Motion for Preliminary Injunction (dkt. no. 25) is denied. Plaintiff also filed a request for submission of his Motion. (Dkt. no. 27.) Such a request is unnecessary and is denied as moot.

DATED THIS 21st day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE